IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

KAREN MAXEY,

    Plaintiff,

v.

MARCADIS & ASSOCIATES, P.A.,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, KAREN MAXEY ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Charlotte, and City of Punta Gorda.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, MARCADIS & ASSOCIATES, P.A. ("Defendant") or ("MARCADIS") is a professional association who at all relevant times was engaged, by use of

the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant sent correspondence to Plaintiff in the form of courtesy copies of Garnishment Pleadings which did not contain the disclosures required pursuant to 15 U.S.C. § 1692e(11) and/or contained such disclosures in such small typeface as to not be readily distinguishable and/or visible to Plaintiff. (See correspondence, attached hereto as Exhibit "A").

11. Defendant, with actual knowledge and documentation that the funds it sought to Garnish from Plaintiff were entirely exempt Social Security benefits, demanded that it be heard as to the issue of exempt funds, and whereupon Defendant forced Plaintiff to attend a court proceeding at which Defendant was absent without notice.

12. Said actions were solely designed to inconvenience, harass, oppress and abuse Plaintiff, and constitute an unfair or unconscionable means used against Plaintiff in connection with the collection of a debt.

13. Furthermore, said actions by Defendant directly and proximately resulted in Plaintiff's account becoming overdrawn and Plaintiff suffering actual damages in an amount equal to, or greater than, $36.00.

14. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

 WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

 WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 20__.

Respectfully submitted,
**KAREN MAXEY**

By:_____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**